## Bame *vs.* Drew.

One whose property is about to be sold by virtue of a chattel mortgage, may lawfully agree with another that the latter shall bid a certain amount for the property, and if he becomes the purchaser, shall give the mortgagor an undivided interest therein for the benefit of members of his family, on his paying an equal share of the purchase money. Such an arrangement is neither a fraud upon creditors, nor against public policy.

The plaintiff owned a steamboat which was about to be sold on certain chattel mortgages, and the defendant agreed with him that he would become the purchaser, if the boat could be bought for $30,000, and would allow the plaintiff an interest therein. In an action on the agreement the declaration alleged that the defendant neglected to make the purchase, though he might have done so for the sum mentioned, and the defendant pleaded that he attended the sale and bid $30,000, but the boat was sold to a higher bidder; *held* that a replication averring that the purchase by the higher bidder was by fraud and collusion with the defendant was a good answer, and was not a departure from the declaration.

DECLARATION in covenant upon a sealed agreement between the parties, dated June 20, 1843, by which the defendant *did*, for the consideration therein mentioned, *covenant and agree with the plaintiff to purchase the steamboat Columbia*, belonging to the plaintiff, which was about to be advertised to be sold at public auction by virtue of several chattel mortgages upon her, *if to be had at a sum not exceeding thirty thousand dollars :* that the plaintiff should be entitled to one third of the said boat, her machinery, &c. at such price as the defendant might purchase her at, directly or indirectly, be the same

more or less of the sum above specified, for the use and bene
fit of the daughters of the plaintiff, Catharine A. and Harriet
Bame : that the plaintiff's proportion of the boat was to be paid
for out of the earnings of the boat, and the period of four years
was agreed upon for that purpose : that on the first Monday of
January in each year the plaintiff and defendant should meet
and adjust the accounts of the boat, and one-third of the net
earnings of the boat, adding interest on the cost of the boat,
and crediting the receipts with interest in like manner, should
be placed to the credit of the plaintiff on account of said pur-
chase ; and if one-third of the net earnings were sufficient to
pay their proportion of interest in the boat prior to the expira-
tion of the four years, or at such time as they might be, then
the defendant agreed to transfer one-third of the boat and her
appurtenances to the said Catharine A. and Harriet Bame
The defendant further agreed that the plaintiff was not restricted
to pay the one-third out of the earnings of the boat; but was
at liberty to do so from other sources : that if the one-third was
not paid within the four years, the claim of the plaintiff to the
one-third to be void, though the said Catharine A. and Harriet
Bame were entitled to one-third of the net earnings of the boat
deducting twenty per cent. The defendant further agreed that
the plaintiff should have the command of the boat during the
four years at an annual salary of one thousand dollars, he dis-
charging the duties of commander to the reasonable satisfaction
of the defendant. The salary was to be paid to Catharine A.
Bame, the daughter of the plaintiff. *Breach,* although plaintiff
has performed, &c. and although afterwards, to wit, on the 17th
of July, 1843, at, &c. the said boat was up for sale, and the
same was sold at public auction by virtue of the several chattel
mortgages upon the same, and pursuant to the advertisement
in the covenant specified ; and although the boat could and
might have been had and purchased by the defendant at the
said auction sale for a sum less than, and not exceeding,
$30,000, yet the defendant did not and would not, directly or
indirectly, either by or in his own name, or in the name or
names of any other person or persons for him, purchase, or

offer, or attempt to purchase, or make use of any endeavor or means to purchase the boat, but therein wholly failed and made default, whereby the plaintiff lost and has been deprived of all the benefit, advantage, &c. he might, and otherwise would have derived from the performance of the covenant by the defendant.

Plea, *actio non*, &c. because the defendant says, that after the making of the agreement, and at the time the boat was put up for sale and sold by virtue of the chattel mortgages, to wit, on, &c. at, &c. he, the defendant, did attend the said auction sale, and in pursuance of the agreement did then and there endeavor and attempt to purchase the said boat at the said auction sale, and at and upon the sale did then and there bid the sum of $30,000 for the said boat; but that there were other and higher bids upon and for the boat; and that the boat afterwards and upon the said auction sale was struck off to, and purchased by, one John C. Hewett, at a sum exceeding $30,000, to wit, at the sum of $30,300: concluding with a verification.

Replication, *precludi non*, &c. because the plaintiff says that the said purchase by Hewett, and the bids in the plea mentioned other and higher than the bid of the defendant in the plea mentioned, were, and each of them was made by fraud and collusion of such bidder and purchaser with the defendant; and were, and each of them was fraudulently and collusively procured by the said defendant, with the intent and purpose on the part of the defendant unjustly and fraudulently to evade the performance of the defendant's said covenant, and to deprive the plaintiff of all the benefit and advantage thereof: concluding with a verification. Special demurrer and joinder.

*C. P. Kirkland*, for the defendant. 1. The replication is a departure from the declaration. (*Gould's Pl.* 40, 453—9.) 2. Fraud and collusion are not predicable of an arrangement to bid up property for the benefit of creditors. 3. The covenant is an attempt on the part of the plaintiff to have the boat sold by under bidding, to the injury of creditors, for

Bame *v.* Drew.

the benefit of the plaintiff and his family; and therefore the defendant is entitled to judgment. 4. The matters attempted to be put in issue by the replication are immaterial to the cause of action set up in the declaration.

*S. Stevens,* for the plaintiff.

*By the Court,* BRONSON, Ch. J. There is no allegation in the pleadings that the plaintiff intended to do a wrong to his creditors; nor is there any thing in the contract from which such a purpose must necessarily be inferred. We cannot say that the defendant owed a single dollar beyond the debts secured by the mortgages; and for aught that appears, the property was worth more than enough, even at a forced sale, to pay those debts; or the debts may have been due to the defendant, instead of third persons. But whoever may have been the plaintiff's creditors, and however largely he may have been in debt, the object of the agreement seems to have been to secure, and not to prevent bidding, at the auction. The defendant agreed to bid, so long as the offers from other persons should be less than thirty thousand dollars. The plaintiff may have had a double object in entering into the contract; first, to ensure a better price than the property would otherwise be likely to bring at a forced sale; and second, to secure a future interest in the property for the benefit of himself and his family. .. The limit of thirty thousand dollars was probably inserted in the contract because the defendant would not agree to bid beyond that sum.

If we assume that the plaintiff was insolvent, and that he intended the boat should be purchased at the smallest possible sum, for the purpose of securing a future interest in the property for the benefit of himself and his family, still the contract would not be void, unless its object was to prevent the defendant from bidding beyond the sum mentioned in the agreement; and there is nothing to show that, independently of this agreement, he would have been a bidder at all. I see no ground

Bame v. Drew.

upon which we can declare the contract void, either as a fraud upon creditors, or as being contrary to public policy.

Now as to the pleadings. The defendant covenanted to purchase the boat at the auction "if to be had at a sum not exceeding thirty thousand dollars." The breach alleged in the declaration is, that although the boat might have been purchased by the defendant for a sum not exceeding $30,000, he did not make the purchase. The plea is, that the defendant endeavored and attempted to purchase the boat at the auction, and he bid the specified sum; but there were other and higher bids, and the boat was purchased by Hewett at the sum of thirty thousand three hundred dollars. To this the plaintiff replies, that the other and higher bids mentioned in the plea were made by fraud and collusion of the bidder and purchaser with the defendant, and were fraudulently and collusively procured by the defendant, with the intent and purpose on the part of the defendant unjustly and fraudulently to evade the performance of the covenant. This is a good answer to the plea. It shows that the defendant might have purchased the boat for $30,000. All the bids beyond that sum were procured by the defendant: they were, in effect, his own bids, and were made for the purpose of evading the performance of his covenant with the plaintiff.

There is no departure in pleading. The replication sustains and fortifies the declaration, by re-affirming, in effect, that the boat might have been purchased by the defendant for a sum not exceeding thirty thousand dollars.

There may be some difficulty in the plaintiff's case when we get to the bottom of it. But so far as now appears, the defendant is in the wrong.

Judgment for the plaintiff.