THE CITY OF RACINE and JOHN M. EARL, Plaintiffs in Error,

*vs.*

ORVILLE W. BARNES, et al., Defendants in Error.

ERROR TO THE RACINE CIRCUIT COURT.

The defendant may set up in his rejoinder, any matter as a defense not inconsistent with the plea.

Under our former chancery practice, the effect of an appeal from a final decree in equity, was the removal of the cause from the circuit court to this court, for the purpose of a re-hearing upon the same pleadings and testimony.

Such an appeal amounted, in effect, to a continuation of the same cause in the supreme court, where alone a final decree could be made.

Where, in an action on an injunction bond, the defendant craved *oyer* and plead a general performance of the condition of the bond; to which the plaintiff replied, setting forth a decree in the circuit court dissolving the injunction, &c.; *Held*, that a rejoinder, avering an appeal from said decree, to the supreme court, wherein the said decree dissolving the injunction was reversed, and the circuit court directed to decree a perpetual injunction, was not a departure from the plea.

The plaintiffs commenced a suit in debt, on the 24th day of March, A. D. 1854, by filing and serving a declaration, in the common form, for the penalty, without setting out the conditions of the bond.

"The defendants craved oyer of the bond which was set out as follows, viz: the condition of their obligation is such, that whereas, Orville W. Barnes (and others) have presented a bill in chancery against the plaintiffs for the allowance of an injunction to stay certain proceedings in relation to the erection of a bridge from the 1st ward to the 2d ward of said city, across Root river; now, the condition of this obligation is such, that if the court shall find that the said complainants were not entitled to said injunction, and the said complainants shall pay to (the plaintiffs) such damages as they shall be entitled to, or which either of them shall be entitled to, in consequence of

issuing such injunction, and the costs thereof, which shall be awarded by the court; then this obligation shall be void, otherwise, to remain in full force and effect."

The defendants then pleaded a general performance of all the " articles, clauses, payments, conditions and agreements, in the bond mentioned."

Sept. 12, 1856. To this plea the plaintiffs reply, alleging breaches, as follows : the said bond was executed to procure the allowance of an injunction, to restrain the said plaintiffs from erecting a bridge across Root River, as in the condition of said bond mentioned, which injunction was allowed by William E. Wording, Esq., county judge for Racine county, on the 9th day of September, 1853, and was served on the 10th; that said John M. Earl, then and there, had a contract with the said city for the building and completion of said bridge, by which he expected to realize great gains and profits, to-wit : at said city and county, and had then employed a great number of workmen to assist him in the building thereof; that in consequence of the allowance of said injunction by the said court commissioner, he, the said John M. Earl, was obliged to, and did discharge the said workmen from his employ, and was obliged to, and did remain idle and out of employ, from thence until the 1st day of November, 1853, at which time the said injunction was dissolved by the circuit court for Racine county, as will appear of record, in the office of the clerk of said circuit court, whereby the said Earl was greatly injured and damnified, to-wit : in the sum of two thousand dollars, at &c., which the said defendants have wholly neglected to pay; it then alleges that the plaintiffs expended five hundred dollars to employ counsel, to move said court to dissolve said injunction, and alleges a breach in the non-payment of that amount.

Sept. 30. The defendants rejoin to this replication as follows : " That after making said order dissolving the injunction, as set forth in the replication, such proceedings were had in said injunction suit, that on the 9th day of August, 1855, a decree was entered therein, dismissing said complainant's bill ; that afterwards, and on the 9th day of October, 1855, an appeal in

said cause was taken by the said complainants to the supreme court, and that such proceedings were afterwards had therein in the supreme court, that on the 13th day of May, 1856, a decree was entered in said cause reversing said decree, and remanding the same to Racine circuit court for further proceedings, and directing a perpetual injunction to issue therein, restraining said plaintiffs from erecting said bridge, for the reason that the said complainants in said injunction suit, were entitled to said injunction, so as aforesaid allowed by the said William E. Wording.

Sept. 30th. The plaintiffs demur generally to the rejoinder, and the defendants subsequently joined in demurrer.

Oct. 6. The circuit court overruled the demurrer, and rendered judgment for the defendants.

*Paine and Millett*, for plaintiff in error.

I. The rejoinder is a clear departure from the plea, as it does not support or fortify it, but is wholly inconsistent with it. 3d Blackstone's Commentaries, 311. Gould on Pleading, chap. 2d, sec. 28, p. 39 ; chap. 8, p. 3, sec. 65. 3d. U. S. D., p. 158, pr. 590, and case cited. 1st Chitty on Pleading, 7th American edition, 683 (marginal.) 2d Saunder's Reports, p. 83.

II. Even though the rejoinder were a good answer in itself, to the replication, yet being a departure from the plea is bad on demurrer. (Authorities above cited.)

III. But the rejoinder is not an answer to the breach assigned in the replication ; when the circuit court dissolved the injunction, the right of action accrued on the bond, and if the order was not appealed from, it became the law of the case, so far as the right of the parties were concerned, on the injuction bond. *Harrison vs. Balflour*, 5th ; *Smedes and Marsh*, 301 ; *White vs. vs. Watson*, 16th J. R. 204. *State vs. Dorsey*, 3d Gill. & John-Clay, 7th Leigh, 68. *Floyd vs. Burgess*, 4th Gill., 189. *Allen son*, 75.

*John W. Carey*, for defendants in error.

I. A plea of general performance, after craving oyer and

WISCONSIN REPORTS. 475

The city of Racine et al. vs. Barnes et al.

setting out the condition of the bond, was the proper answer to the declaration in this cause, and was well pleaded. *Postmaster General vs. Cochran*, 2 J. R., 413. *Freedland vs. Ruggles*, 7 Mass., 511. *Davis vs. Gooch*, 8 Id., 488. *Reed vs. Drake*, 7 Wend., 345. *Monroe vs. Allaire*, 2 Caines, 320, 328; 1 Chitty Pl., 585, 587; 1 Id., 484.

II. The rejoinder is not a departure from the plea, but maintains, explains, and fortifies it, inasmuch as it shows that the court had not found "that the complainants were not entitled to said injunction," which was the sole condition upon which the defendants' liability was to attach, consequently there was no *breach* and the plea of general performance is sustained. *Allen vs. Watson*, 16 J. R., 205. *Fisher vs. Pincbly*, 11 East., 187; 1 Chitty Pl., 647. *Bame vs. Drew*, 4 Denio, 287; 6 Com. Dig., title, Pleader, 158.

*By the Court*, WHITON, C. J.—The question presented by this record is one of pleading, merely.

It appears that the plaintiffs commenced an action of debt on an injunction bond, conditioned to pay to the plaintiffs such damages as they should be entitled to in consequence of the issuing of the injunction, &c. The defendants, after craving and obtaining oyer of the bond and condition, pleaded a general performance.

The plaintiff then filed a replication setting forth that the injunction was obtained for the purpose of restraining the plaintiff from erecting a bridge across Root river, and, (after stating facts to show the nature and extent of the damages which the plaintiff had sustained by means of the issuing of the injunction), avering that the said injunction was dissolved by the circuit court of Racine county.

The defendants then filed a rejoinder, avering that after the making of the order dissolving the injunction, by the circuit court, an appeal was taken by the present defendants, (who were the complainants in the injunction suit,) from the said

order of the circuit court to the supreme court; and that such proceedings were afterwards had therein in the supreme court; that the said order of the circuit court dissolving the said injunction was reversed, and an order made remanding the cause to the said circuit court, and directing said court to decree a perpetual injunction restraining the present plaintiffs from erecting said bridge.

To this rejoinder the plaintiffs demurred; the court below overruled the demurrer and rendered judgment for the defendants.

It is claimed by the plaintiffs that this judgment is erroneous, because the rejoinder is a departure from the plea.

We think it correct. It will be observed that the breaches are set out by the plaintiffs in their replication. The defendants could not therefore set out the facts upon which they relied for their defense in their plea. They could only plead a general performance of the conditions of the bond, and they were at liberty to set up any defense to the breaches assigned in the replication which would not be a departure from the general performance relied upon in the plea.

The defendants could not be allowed, after they had pleaded such a plea, to set up any matter in their rejoinder in excuse of performance. (Co. Litt., 304, a; Com. Dig., Pleader, F. C; 2 Saund., 83); because that would be entirely inconsistent with the fact set up in the plea; and they have not done so; they have merely set up matter as a defense to the facts stated in the replication, and not inconsistent with the general performance alleged in their plea; and this they had a right to do. 1 Chitty Pl., 684; *Allen vs. Watson*, 16 J. R., 205; *Bame vs. Drew*, 4 Denio, 287; *Darling vs. Chapman*, 14 Mass. R., 103.

But it is said by the counsel for the plaintiff in error, that the rejoinder is not an answer to the breaches assigned in the replication, because when the injunction was dissolved by the circuit court, a right of action accrued upon the bond, and if the order of the court had not been appealed from, the rights of the parties to the injunction bond would have been fixed. We suppose that under our former chancery practice, an

appeal from a final order or decree of the circuit court in a chancery case, was a removal of the same case to this court. The effect of the appeal was to procure a re-hearing of the case upon the same pleadings and testimony.

Although, therefore, the order which was made in the circuit court, dissolving the injunction, would have been final and conclusive if it had not been appealed from, yet the appeal procured a continuation of the same case in this court. In this court alone could a final decree be made if either of the parties chose to appeal.

The rejoinder, therefore, by setting up the appeal, and the proceedings in this court by which the order of the circuit court was reversed, shows merely further proceedings in the same case. The rejoinder continues the history of the case, from the point at which the replication leaves it, to its final termination, and shows that the plaintiffs are not entitled to recover upon the bond; and, as we have before stated, is in our opinion no departure from the plea.

Judgment affirmed.