|  |  |
|---|---|
| 33 | 459 |
| 143 | 436 |

JAMES CAMPBELL *et al.*, Respondents, *v.* THOMAS M. WOLF *et al.*, Appellants.

*Practice—Filing Instruments.*—The statute (R. C. 1855, p. 1241, § 60) only requires instruments executed by the opposite party to be filed.

*Practice—Variance.*—The writing the initials of the middle name "Mc" instead of "M." is no variance.

*Practice—Amendments.*—The transcript of a judgment entered *nunc pro tunc*, referred to the judgment as entered Feb. 15, when the true date was Feb. 17; held to be a clerical error, which will be disregarded.

*Practice—Amendment.*—The statute (R. C. 1855, p. 1255, § 14) permits amendments by the striking out of a word.

*Appeal from St. Louis Circuit Court.*

*W. Currier*, for respondents.

*M. L. Gray*, for appellants.

BATES, Judge, delivered the opinion of the court.

This was a suit upon a judgment in a court of Pennsylvania. A transcript of the record of the case in the Pennsylvania court was offered in evidence by the plaintiffs. The defendants objected to its admission in evidence. Their objections were overruled and judgment given against them. The principal questions in the case are upon those objections. They were, first, that the transcript had not been filed in the case. The statute (p. 1241, § 60) only requires instruments executed by the other party, or some person whom he represents, to be filed. Second, because it was not properly authenticated. No objection is made in this court to the authentication, and we suppose that objection to be abandoned. And third, because it varied from the record described in the petition.

The supposed variances are represented, as follows: First—One of the plaintiffs is described in the petition as J. McJunkin, while the transcript gives his name as J. M. Junkin. The writing of "Mc" for "M." in the party's middle name, is only giving his name a little more fully; it is no variance. Second—The petition describes the judgment as against Thomas M. Wolf and Cephas Wolf, whilst the record is of a suit against Jeremiah Wolf as well as Thomas and Cephas. This is true of the suit, but the judgment (as corrected by a subsequent entry *nunc pro tunc*) was against the two only. Third—An error having been committed in the entry of the original judgment, which was on the 17th of February, a subsequent entry, correcting the error, referred to the judgment as of the 15th of February. And it was objected that the entry of the 17th of February was not corrected by that entry. This mistake in the date of the judgment was obvi-

ously a mere clerical error, which will be disregarded. There appears to be no material variance. The court permitted the plaintiffs to amend their petition by striking out a word. This is permitted by the statute, (p. 1255, § 14.)

Judgment affirmed. Judges Bay and Dryden concur.