HADLEY and Others *v.* PICKETT, Guardian of CANNON, and Others.

VENDOR'S LIEN.—Where the vendor of real estate surrenders the original notes given for the purchase money, and takes new notes, secured by a mortgage upon a portion only of the land, he thereby waives his vendor's lien.

SAME.—*Quære*, whether a guardian can waive a vendor's lien upon real estate sold by him under an order of the court.

APPEAL from the *Parke* Common Pleas.

RAY, J.—The appellees filed their complaint against the appellants, and also against the heirs of *Sidney Hadley*, deceased, alleging that *Pickett*, as the guardian of *William P. Cannon*, in pursuance of an order of the Court of Common Pleas of *Parke* county, sold to *Sidney Hadley*, on the 10th day of *November*, 1856, the interest of his ward in the land described in the complaint, being an undivided one-fourth thereof, for the sum of $675. One-third of the purchase money was then paid and the notes of the purchaser taken for the residue, payable in nine and eighteen months, with

interest. A deed was made and the sale confirmed, and the deed approved by the court. It was further alleged that the other appellees, *Joseph Gulielma* and *Elisha B. Cannon*, being the owners of the residue of said lands, on the —— day of ————, 1856, made said *Pickett* their agent to sell their interest in the land described in the complaint, being the remaining undivided three-fourths thereof; that as such agent he sold said interest to said *Sidney Hadley* for $2,025, one-third of which was paid, and the notes of the purchaser, payable in nine and eighteen months, taken for the residue, and a conveyance executed; that, on the 15th day of *June*, 1857, *Sidney Hadley* sold to *Washington Hadley*, one of the appellants, 20 and 51-100 acres of said land, and on the 4th day of *January*, 1858, sold to *Abraham Maris*, another one of said appellants, 17½ acres of the same land; that both of said sales by *Hadley* were made before the maturity of the notes given by him for the residue of the purchase money, and said appellants knew that the same were unpaid; that afterward other sales were made by *Sidney Hadley*, to parties not before the court; that after said conveyances by *Sidney Hadley*, *Pickett* gave up to him the original notes given for the purchase money, and instead thereof took from him the notes sued on, for the balance of the purchase money then due, and took a mortgage to secure the same, which mortgage was intended to include all the land sold by *Pickett*, as agent and guardian, to said *Sidney Hadley*, and which had not been sold by him as aforesaid, but the said mortgage only actually covered about 23 acres; that said *Sidney Hadley* died insolvent on the 11th day of *December*, 1862, leaving no property out of which the appellees' debt could be realized except the mortgaged property, which was not sufficient. The prayer of the complaint is that the mortgage may be foreclosed, and that for any sum remaining unpaid the vendor's lien may be enforced against the land purchased of said *Sidney Hadley* by the appellants. The appellants, *Washington Hadley* and

*Abraham Maris*, filed separate demurrers to the complaint, which were overruled.

It is insisted by the appellants that the surrender by *Pickett* of the original notes, and the taking of new notes, secured by a mortgage upon a portion of the land sold, was, upon its face, a waiver of the vendor's lien. It was held in the case of *Capper* v. *Spottiswoode*, Tamlyn's Rep., (Rolls.,) 21, that "where a bond was given for the unpaid purchase money, and a mortgage on part of the purchased estate, the intention that the lien should not extend over the rest of the estate is sufficiently clear."

But it is insisted that as *Pickett* was acting as the agent of three of the appellees, and as guardian of the others, he had no power to release the vendor's lien. But in this action the persons for whom he acted as agent are in court enforcing the very instrument, the acceptance of which by *Pickett* waived their lien as vendors, and they cannot be heard in the same action to affirm and avail themselves of his contract, and also to deny his authority to make it. They have not repudiated his act and abandoned the mortgage security, but have availed themselves of it, and in this action ask its foreclosure.

The statute provides that in case of sale of the real estate of the ward by the guardian, the court shall provide in the order "the credits to be given for the purchase money, and the mode of securing the same." 2 G. & H. § 19, p. 572. What order the court made in this case we are not advised.

Whether the guardian may waive the vendor's lien, rendering himself liable upon his bond thereby for any loss resulting, we are not called upon to determine. He has attempted to make a contract as guardian which would, on its face, waive his lien as vendor, and he now appears in court asking to enforce that contract, and that the mortgage taken by him as guardian be foreclosed, and that, in the same decree which recognizes the contract as valid and orders its enforcement, the court will also treat it as invalid

and proceed to enforce the vendor's lien upon the property sold to the appellants. The demurrers filed by the appellants should have been sustained.

The judgment and proceedings against the appellants are reversed, with costs, back to the filing of the demurrers to the complaint, and the cause is remanded for further proceedings in accordance with this opinion.

*S. F. & D. H. Maxwell, A. G. Porter, B. Harrison* and *W. P. Fishback*, for appellants.

*J. E. McDonald, A. L. Roache, J. M. Allen* and *T. N. Rice*, for appellees.