————o————

ALEXANDER BOWLING, *et al.*, Respondents, *vs.* JOHN P. HAX AND HENRY KRUG, Appellants.

1. *Practice, civil—Filing of contracts signed by both parties not required when—Const. Stat.*—The statute which provides for the filing of the contract sued on with the petition (Wagn. Stat., 1022, § 51), has no application to a contract signed by both parties. (Campbell vs. Wolf, 33 Mo., 459.)

2. *Contract—Suit upon—Proof of subscribing witness.*—Under the present law permitting parties to testify, it is unnecessary, where suit is brought on a contract, to call a subscribing witness to prove the instrument. This proof may be made by the party himself.

3. *Practice, civil—Instruction—Error—Surplusage, etc.*—Where the objectionable part of an instruction is merely superfluous, and calculated to mislead no one, the granting of it is no ground for reversal.

4. *Practice, civil—Instruction—Question of fact for jury.*—The giving of an instruction which calls upon the court to pass upon a question of fact, is manifest error.

*Appeal from Buchanan Circuit Court.*

The third instruction given on behalf of plaintiff was as follows: "If the jury believe from the evidence, that defendants owe plaintiffs for corn, or cash paid for freight on cars, or pigs feet, or shrinkage on hogs, they will allow on said third count of plaintiffs' petition such amount therefor, as the evidence satisfies them that the plaintiffs are entitled to."

The third instruction asked by defendant, and refused by the court, was as follows: "There is no legal evidence before the jury, that said paper was executed by said parties."

*Ben Loan,* for Appellants.

I. The statute which directs the filing of the contract, is peremptory. (Wagn. Stat., 1022, § 51; *Id.*, 1046, § 45.)

II. The court erred in admitting the evidence of one of the plaintiffs, to prove the execution of the instrument sued on; it appearing on the face of the paper, that it was attested by a subscribing witness. (2 Phil. Ev. [6 Am. Ed.], 201-2; 1 Greenl. Ev. [9 Ed.], 754, 756, n. 5; Neal vs. McKinstry, 7 Mo., 128.)

III. The first instruction for plaintiffs, tells the jury to find for plaintiffs, if they find "that plaintiffs complied with all of said terms of said contract," without instructing them as to what acts would constitute a performance of said contract on the part of the plaintiffs. This was error.

*A. H. Vories,* for Respondents.

I. The old rule requiring the subscribing witness to a contract to be produced, resulted from the fact that parties were not admitted as witnesses. But now parties to the contract being witnesses, the reason for the law has ceased.

NAPTON, Judge, delivered the opinion of the court.

The only questions of law in this case, arise on the failure of the plaintiffs to file the original contract on which the suit was brought with the petition, and on the proof of the contract when the trial was had. There are other questions arising on the instructions which however chiefly bring up the same question.

This action was upon a contract executed or alleged to be executed, by both plaintiffs and defendants. The petition excuses the failure to file the original contract, on the ground, that it was not in possession of the plaintiffs, but a copy of it is filed. The contract, it seems, was deposited with a third person. Sec. 51, of our Practice Act (Wagn. Stat., 1022), provides, that, when any petition or other pleading, shall be founded upon any instrument of writing charged to have been executed by the other party, or his testator or intestate, or other person represented by such party, and not therein alleged to be lost or destroyed, the same shall be filed with such petition or other pleading. The provision of our statute which provides for the filing of the contract sued on, with the petition, applies only to such obligations as are executed only by the party sued, in which cases either the obligation sued on must be filed, or there must be an allegation of loss or destruction of the instrument. In the present case the contract is signed by both parties, plaintiffs and defendants, and is deposited with a third person for safe keeping. The statute does not apply to such a case, and so it was held in Campbell vs. Wolf, (33 Mo., 459).

The principal objection in this case is to the proof of the contract, when it was offered in evidence. The custodian of the contract produced, stated that it had been handed to him as the contract by the parties to it, and one of the plaintiffs was called to prove its execution. It was objected, that as there was a subscribing witness, it was necessary to call him or give some excuse for his absence, and that secondary evidence could not be allowed to prove the execution of the contract. This was formerly unquestionably the law; but since parties have been made competent witnesses it is hard to see how it could be necessary to call a subscribing witness. No subscribing witness could know better than the parties themselves, as to the execution of the contract. The object of requiring a subscribing witness, was to secure the best evidence that was attainable; but the parties to the contract are surely as competent to state the facts, as any subscribing witness. The rule was establish-

ed when parties were not competent witnesses. Even under this rule the acknowledgment or admission of the parties to the execution of instruments not under seal was held sufficient. (Hall vs. Phelps, 2 Johns. Ch., 451; Henry vs. Bishop, 2 Wend., 575.)

The court gave seven instructions for the plaintiffs, and eight for the defendants, out of the eleven asked. No objections were made to any of the instructions for plaintiffs, except the first and third, and the only objection to the first instruction is, that it left to the jury a question of law. That instruction was as follows: "If the jury believe from the evidence, that plaintiffs and defendants, entered into the contract set out in said petition, and that plaintiffs under said contract, furnished defendants with 2816 hogs, or any other number of hogs, for slaughtering under said contract, and that defendants released plaintiffs from furnishing any more hogs than said number of 2816, and that plaintiffs complied with all of the said terms of said contract, etc." It is this last clause that is objected to, and it is unnecessary to recite the remainder of the instruction. An examination of the contract sued on, will show that really the plaintiffs had nothing more to do than to furnish a certain number of hogs, and the exact number required not having been furnished, the instruction required the jury to be satisfied that in this respect, the defendants had waived or dispensed with this part of plaintiffs' obligation. The objectionable part of the instruction was merely superfluous, a mere generality frequently used in such instructions, out of abundant caution, and calculated to mislead no one.

The contract sued on, is as follows: "This agreement is made between Hax & Krug, of St. Joseph, and A. Bowling and E. Holman, of Hannibal, Missouri, for the purposes and conditions as herein set forth, to-wit: Messrs. Hax & Krug, agree to slaughter and pack, three thousand hogs, and two thousand more on the same terms, should Messrs. Holman & Bowling, furnish the extra two thousand hogs. The killing and putting on the slides to be done for the offal resulting therefrom. For cutting, curing and rendering lard, twenty

29—VOL. LV.

cents per hundred pounds, hook or slide weights; and for rendering heads separate, one cent per pound. All offals resulting from the cutting of the hogs, shall be sold free of charge, and proceeds to be credited to Messrs. Bowling & H., or should they wish to do the selling, they have the same privilege. For making sugar cured hams, one cent per pound, and all the meat to be in such style as Messrs. B. & H., may order. Cooperage and salt, and other materials needed, to be furnished at actual cost, and smoking to be done at 20c per 100," &c. &c., signed by Bowling & Holman, and Hax & Krug.

It is apparent that the plaintiffs had nothing to do under this contract but to furnish the hogs, and the whole controversy had regard only to alleged delinquencies of the defendants, and there was no dispute as to any failure on the part of plaintiffs. No such failure was alleged or set up in the defense, nor was any evidence offered to show any such. Hence the clause of the instruction mentioned, was merely a harmless superfluity.

The only objection to the third instruction of the plaintiffs is, that there was no evidence to support it. If so, it could have done no harm, and at all events the jury was qualified to pass upon this.

Of the three instructions refused, when asked by defendants, the first two, merely raise the same questions already decided by the court in regard to the admissibility of the contract in evidence. The third one, refused, (No. 9, in the list,) was clearly wrong, and properly refused, as it called on the court to decide on a fact, which it was the province of the jury to determine.

The questions really controverted in this case were purely questions of fact, growing out of the details of the settlement between the parties to this contract. No evidence was objected to on either side, and all the matters were submitted to the jury under very full instructions on both sides, of which there is no complaint except as above noticed.

The judgment is affirmed. The other judges concur.