MARTROM D. LEWIS, Public Administrator of JOHN BUSBY, Appellant, v. PENN MUTUAL LIFE INSURANCE COMPANY, Respondent.

### February 28, 1877.

Where a later and general clause in an insurance policy refers to a former and more specific one, and the later one is to be construed, it must be done by the light of the clause to which it refers.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*David Murphy*, for appellant, cited : Broom's Leg. Max., 6th Am. ed., 404, 405, side p. 528, pp. 440, 441, side pp. 574, 575 ; Young v. Mutual Life Ins. Co. ( U. S. Cir. Ct. Cal.), 2 Ins. L. J. 289 ; McAllister v. New England Mutual Ins. Co., 101 Mass. 558 ; Thompson v. St. Louis Mutual Life Ins. Co., 52 Mo. 470 ; May on Ins. 181, sec. 174 ; Bliss on Life Ins. 655, 656 ; 1 Duer on Life Ins. 163, secs. 8–10 ; Webb v. Protection Ins. Co., 14 Mo. 3.

*Spencer & Clopton*, for respondent, cited : Duer on Ins. 163, sec. 87.

BAKEWELL, J., delivered the opinion of the court.

Respondent insured the life of plaintiff's intestate in the sum of $5,000. The policy is dated March 9, 1869, and provides that, in consideration of $291.26, payable annually,

one-half in cash and one-half in a note with interest payable in advance, during the term of ten years, on March 9th of every year, the respondent insures the life of Busby for $5,000, during his life. The policy proceeds : " and, should the herein-insured cease to pay the premiums as hereinbefore stated, the company will, upon the surrender of this policy, together with the unredeemed dividends upon the same, within three months after an unpaid premium shall be due, issue a paid-up policy on the life of the said assured as follows, to wit, after the payment of two annual premiums, two-tenths of the amount insured, and so on, according to the number of years paid in, provided the premiums have all been paid in cash ; otherwise, a paid-up policy for one-half of the above proportion only will be given." Payment to be made within sixty days after proof of death. Then follow conditions as to residence within certain latitudes, employments forbidden, and modes of death excepted ; and then a condition 'that, if the statements on the faith of which the policy is issued are untrue, " or, in case the said John Busby shall not pay the said semi-annual or quarterly payments hereinbefore mentioned, on or before the several days appointed as aforesaid for the payment of the same, then, and in every such case, the said company shall not be liable to the payment of the whole sum insured, but only such part thereof as the number of premiums paid bears to the whole number to be paid, as is expressly stipulated above, and the remainder shall cease and determine."

Default was made in the payment of the premium due March 9, 1871. The insured died April 30, 1875. His administrator notified defendant of the death, and sues on the policy to recover a sum equal to two-tenths of $5,000. Busby did not offer to surrender the policy and unredeemed dividends thereon within three months, nor did he make a demand within that time for a paid-up policy.

These facts appear from the pleadings and evidence.

The court below gave an instruction that on these facts

plaintiff was not entitled to recover. Whereupon, plaintiff took a nonsuit; and, the court having refused to set the nonsuit aside, plaintiff appeals.

The question is as to the construction of the policy. The contract seems to us to be as plain as words can make it, and we understand it as it seems to have been understood by the court below. The company having once said that should the insured cease to pay his premiums he shall, nevertheless, be entitled, on certain conditions, to a paid-up policy for a certain proportionate sum, afterwards says in effect that, if the premiums are not paid, the company shall only be liable for the proportionate sum stipulated for in the preceding clause. It does not, in the latter clause, set out again in full all the conditions of its liability, neither does it exclude them, either expressly or by implication; but, on the contrary, it refers in the subsequent clause of the contract to the express stipulations of the preceding clause. The intention of the contracting parties is gathered without difficulty from the instrument taken as a whole. It is not that if the insured makes one or two payments he shall thereupon be absolutely insured for a greater or less sum for the remainder of his life, but it is that he is insured for $5,000 so long as he pays his premiums; and if, before the expiration of the ten years during which payments are to be made, he ceases to pay, but surrenders the policy and unredeemed dividends, and applies for a paid-up policy within three months, he shall have such a policy, for a sum to be measured by the premiums paid.

The object of inquiry in the construction of contracts is the intention of the parties to the instrument. Plain, unambiguous words need no interpretation; and if the intention of the parties is not easily perceived, it is to be sought after by a reference to the contract and to the nature of the contract, and the construction must be reasonable and according to the object and motive. The whole instrument is to be viewed and compared in all its parts, so that every

part of it may be made consistent and effectual. Where there are two instruments, one full and explicit, the other general and referring to the stipulations contained in the other, in giving a construction to the agreement both instruments will be considered as forming one agreement; and so, where a later and general clause in an agreement refers to a preceding and more specific clause, it must be construed, if ambiguous, by the light of the clause referred to. If a contract is susceptible of two interpretations, that one must be given to it which will involve no contradiction, and accord with what is reasonable.

The construction which appellant would put upon this policy gives no meaning at all to the provision of a surrender of the policy and dividends and the demand of a paid-up policy within a fixed time. Under no circumstances could it be expedient for the insured to surrender his policy and dividends, and demand a paid-up policy, if, as appellant contends, the original policy, immediately upon failure to pay a premium due, becomes, in effect, a paid-up policy for an amount absolutely fixed by the sum already paid in premiums, and that without any surrender of unredeemed dividends.

There is no contradiction between the latter clause in the policy and the preceding one. The latter clause refers to the former, and common sense requires that it should be construed with it.

The judgment of the Circuit Court is affirmed. All the judges concur.