THE MISSOURI PACIFIC RAILWAY Co., Respondent, v. R. A. & J. ATKISON, Appellants.

#### May 4, 1885.

1. CASE ADJUDGED.—This was a suit on a note made by defendants, to a railroad corporation for $360, to whose rights plaintiff has succeeded. The note was connected with a written agreement, and placed together *in escrow* with one Tygard, to be delivered to said railroad corporation upon certain conditions then stipulated. Plaintiff, as successor and claiming to have complied with the conditions, demanded the notes from Tygard, who refused to deliver the said notes and, upon suit in replevin being brought in the circuit court of Bates county, answered setting up how he held this and other notes, and that the makers claimed that conditions had not been complied with, and asking that makers be made defendants. This was done, issue joined and found for the plaintiff, the note, and others, turned over by Tygard to the sheriff and by the sheriff to the plaintiff, the plaintiff electing to retain possession of the notes. From this judgment the makers appealed to the Supreme Court, but Tygard did not appeal or sue out any writ of error. After said judgment, to-wit on the 20th of June, 1882, plaintiff brought this suit on the note. Defendants answered, setting up the same matter in defence as in the replevin suit, with the further defence that plaintiff was

not entitled to bring this action, because of the pendency of said replevin on appeal in the Supreme Court. On defendant's application, the cause was transferred by change of venue, to the circuit court of Cass county, where on trial had plaintiff recovered judgment from which defendants appealed to Supreme Court, and being pending there at time of the adoption of the constitutional amendment creating this court, the case has accordingly been transferred here. The appeal in the replevin case was determined at the last October term (1884) of the Supreme Court, affirming the judgment of the circuit court of Bates county. ·

2. SAME—RIGHT TO INSTITUTE THIS ACTION PENDING APPEAL ON REPLEVIN IN SUPREME COURT.—The judgment and decision in the action of replevin established the fact, that the conditions on which the plaintiff was entitled to demand payment of the note sued on, were fully performed, prior to the time stipulated in the agreement *in escrow.* The note therefore became absolutely due and payable, and plaintiff was entitled to both the possession and payment without more. And although the note was then in *escrow* the liability of the party commenced as soon as the event happened · or the conditions were fulfilled, without actual delivery by the depositary to the promisee.—1. Daniel, Neg. Inst., sect. 69; citing *Conch* v. *Meska*, 2 Conn. 302; *Taylor* v. *Thomas*, 13 Kansas 217. With or without the replevin suit, therefore, the plaintiff, on performance of the conditions, became entitled to recover this debt.

3. PRACTICE.—REQUIREMENT TO FILE INSTRUMENT WITH PETITION (SECT. 3560 OF REV. STAT., 1879) NOT APPLICABLE TO THIS CASE—Section 3560, of the Revised Statutes (1879), providing that when a petition is founded on an instrument of writing charged to have been executed by the other party, and not therein alleged to be lost or destroyed, the same should be filed with the petition, has no application to this case. This section has been construed by the Supreme Court, to apply to such obligations as are executed only by the party sued, not to contracts signed by both parties and deposited with a third party.—*Campbell* v. *Wolf*, 33 Mo., 459; *Bowling* v. *Hax*, 55 Mo., 448. While the note in question was signed by defendant only, yet the contract made simultaneously with it and attached to it was signed by both parties; and was so much a part of the note that the two made one instrument, so that they are to be treated in fact and law, as one contract.—2 Parsons on Contracts, 7th ed, 503; 1 Daniel, Neg. Inst. sects. 150 and 156. In this case the plaintiff could have instituted this action, without filing the instrument sued on and on the trial have compelled its production in evidence by a *subpoena duces tecum.*—*Bowling* v. *Hax*, 55 Mo. 448.

4. SAME.—PENDENCY OF APPEAL AS AFFECTING RIGHT OF ACTION UNTIL

TERMINATION OF CONTEST IN SUPREME COURT—At common law a writ of error or *certiorari*, from the instant of its allowance operated as a *supersedeas*, and annulled all subsequent proceedings taken, *without* any *bond or other security*.—Freeman on Executions, sect. 532. But this is *now* regulated entirely by statute, and judgments of the lower courts are in no manner affected by these writs or appeals except in so far as they are *superseded* by appeal bond, or bonds of *supersedeas* on writs of error. By section 3713, Rev. Stat., 1879, execution may be superseded on the appellant giving bond and security for double the amount of debt, damages and costs, and with other conditions. The bond in this case was for only 800 dollars, while the notes in suit aggregated over 13,000 dollars and was manifestly designed to cover only the costs. The only judgment in the Supreme Court could be for costs, as the notes had been delivered to plaintiff. The judgment in the action of replevin awarding the custody of the notes to plaintiff required no further execution than its own terms. It was self-executing, *except as to the costs*, which were stayed by the appeal bond.

5. SAME.—RULE AS TO JUDGMENT BELOW AND THE MANNER OF ENFORCING IT.—The general rule as to judgments of lower courts in case of appeal seems to be this : If the case taken by appeal is to be re-tried in the appellate court *de novo*, as upon original process, and it is to settle the matter involved by its own judgment, to be enforced *on its process*, then the appeal—like that from a justice of the peace or probate court—vacates the judgment *pro tem.* of the inferior court. But if the appeal is in the nature of the ancient writ of error or *certiorari*, carrying up the case to the superior court for review only of the errors of the trial court, and the questions for adjudication are—shall the judgment of the lower court be affirmed or reversed, modified or remanded for further trial or special procedure, "the appeal does not vacate or suspend the judgment of the inferior court nor bar an action on the judgment." —Freeman on Judgments, section 328. *This rule might not apply* in an equitable proceeding where the decree is appealed from and bond given. For there the whole record is taken before the appellate court to be re-tried on the merits of the controversy ·with jurisdiction in the appellate court to proceed to render judgment *ex equo et bono.*—*City of Racine* v. *Burnes*, 6 Wis. 472.

APPEAL from Cass Circuit Court, HON. NOAH M. GIVAN, JUDGE.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

A. HENRY, T. J. GALLOWAY, P. C. FULKERSON, E. J. SMITH and W. P. JOHNSON, for the appellant.

I. This being a pure *bonus*, not a subscription to·

stock, the contract must be complied with in every particular, or plaintiff cannot recover. The contract was *not* complied with by plaintiff, and defendants are not required to give reasons but may insist on the contract and nothing else.—*Fenton* v. *Perkins*, 3 Mo. 106 ; *Chouteau* v. *Russell*, 4 Mo. 553 ; *State* v. *Daviess County Court*, 64 Mo. 30.

II.   These notes are void as against public policy.   It is the duty of the railroad company, which it owes to the public and the state from which it gets its charter, to locate its road where the best interests of the public and the good of the business on the railroad demand, not that they may put it up at auction and locate the road where they can get the most money for so doing.   In the case of subscription to the stock it may then be allowed, for then the subscriber becomes a part of the company and has influence in the choice of location, but not where the payment is a pure *bonus*, as here.   This distinction is recognized by almost all the courts, but is not so by the Iowa court in *Bank* v. *Hendrie* (49 Iowa 402).   On this question of public policy we refer to *Fuller* v. *Dame* (18 Pick. 472); *Pacific Road* v. *Suley* (45 Mo. 212) ; *Adams Express Co.* v. *Reno* (48 Mo. 264); *Fort Edward Pl'k Road Co.* v. *Payne* (15 N. Y. 583) ; *R. R. Co.* v. *Ryan* (11 Kansas 602) ; *Williamson* v. *R. R. Co.* (53 Iowa 126), overruling *Bank* v. *Hendrie* ; *Woodworth* v. *Bennett*, 43 N. Y. 273.

III.   As to the action on the notes in this case, plaintiff cannot maintain the action while the appeal in the replevin case against Tygard is pending in the Supreme Court.   Tygard ought not to have given the notes to the sheriff when he came with the writ of replevin ; and if he had not, the sheriff or plaintiff could not have gotten them.   Defendants should not be compelled to appeal to this court to get their rights, nor should be they harassed with costs and attorneys' fees.— *City of Racine* v. *Burnes*, 6 Wis. 472.

RAILEY & BURNEY, for the respondent.

I.   The note and contract were not contrary to *public*

*policy.* The statute expressly authorizes railroads to "take and hold such voluntary grants of real estate and *other property* as shall be made to them, to aid in their construction, maintenance and accommodation."—Rev. Stat., 1879, sect. 765. The statute and the charter of plaintiff authorize the purchase or acquisition of any railroad or railroad franchises with their rights, powers, privileges and immunities.—Article 4 of Lexington & Southern charter ; Article 4 of Mo. Pacific charter ; Sect. 789, Rev. Stat., 1879. The laws and decisions of this state have uniformly recognized heretofore the right of even townships, cities and counties to issue bonds in aid of railroads.—Rev. Stat. Mo., 1879, sect. 765 ; *Berryman v. Cin. & S. R. R. Co.*, 14 Bush (Ky.) 755 ; *First National Bank Cedar Rapids* v. *Hendrie*, 49 Iowa 402 ; *Cum. Valley R. R. Co.* v. *Baab*, 9 Watts (Pa.) 458 ; *McClure* v. *Fort Scott & Gulf Railway Co.*, 9 Kan. 373 ; Pierce on Railroads, page 60 and cases cited ; *Racine Co. Bank* v. *Ayers*, 12 Wisconsin 512 ; *Workman* v. *Campbell*, 46 Mo. 305 ; *Pacific Railroad* v. *Seeley*, 45 Mo. 212 ; leading article, Albany Law Journal, vol. 23, page 85 *et seq.* The authorities cited by defendants are not in conflict with the plaintiff's right of recovery in this action.

II. Plaintiff has substantially complied with *all* the conditions and requirements of the contract.

1. That as to *distance* was complied with. In all cases where the contract does not otherwise provide, *distance shall be determined by a straight or air line.*—Pierce on Railroads, page 63 ; Redfield, Railways, sect. 106 ; Rorer on Railroads, vol. 1, page 482 and cases cited ; *R. R. Co.* v. *Riel*, 33 Iowa 113 ; *Butler* v. *Barr*, 18 Mo. 357 ; *Allen* v. *Kingsbury*, 16 Pick. 235 ; *Hershaw* v. *Mullins*, 121 Mass. 143 ; *Kingsland* v. *Chittenden*, 61 N. Y. 618 ; *Slade* v. *Etheridge*, 13 Ired. (N. C.) Law 353 ; *Lake* v. *Butler*, 85 Eng. Com. Law R. 91 ; *Jewett* v. *Stead*, 88 Eng. Com. Law R. 349 ; *Burnett* v. *Thompson*, 6 Jones (N. C.) Law 211. When the contract was entered into, the distance from the court house to where the depot is located, by

the ordinarily traveled route was less than that agreed upon—three-quarters of a mile.

2.   That condition as to route from Pleasant Hill to Butler was also complied with, and so the evidence fairly shows, and the following authorities support this claim: *People* v. *Holden*, 82 Ill. 93; *Courtwright* v. *Deedy*, 37 Iowa 503; *State of Minn. ex rel. R. R. Construction Co.* v. *City of Hastings*, 24 Minn. 78; *Hodgman* v. *R. R. Co.*, 23 Minn. 153; *Van Hotrut* v. *City of Madison*, 1 Wall. (U. S.) 291; *Stockton R. R. Co.* v. *Stockton*, 51 Cal. 334.

3.   The road and depot are not required to be built within corporate limits of Butler.—Webst. Dict., p. 1389; *R. R. Co.* v. *O'Conner*, 40 Iowa 479; *Burnham* v. *Burke*, 45 Mo. 349; *Marshall* v. *R. R. Co.*, 51 Mo. 138.

III.   The conditions having been complied with, the plaintiff *ipso facto* became entitled to the possession of said notes and contracts, and could sue thereon without any actual delivery of the same.—1 Parsons on Notes, 51; *Taylor* v. *Thomas*, 13 Kas. 218; *Regan* v. *Howe*, 121 Mass. 424; Bishop on Cont., sect. 764, *et seq.; Bowling* v. *Hax*, 55 Mo. 448; 1 Daniel, Neg. Inst. 54.

IV.   The pendency of appeal in the replevin suit did not prevent suit on note.   1. Because plaintiff could have sued on note and contract, without replevying or recovering possession of them.   2. Because Tygard held possession of them, and replevin was brought against *him* and judgment recovered and *no appeal* was ever taken by *him* from said judgment, the matter is therefore left the same as though Tygard had delivered the notes to plaintiff without any suit for their possession.   The appeal bond given by defendants was only for costs, and if Tygard had joined with them, in such a bond as that given, it would be unavailing as a defence in this proceeding.   The statute only provides for a stay of execution and *supersedeas* when a bond is given in double the amount of the debt, damages and costs.—Sect. 3713, Rev. stat., Mo., 1879.   The only effect of the filing of appeal bond in replevin suit, was to stay execution upon judg-

ment for costs of suit until appeal was determined.—
Freeman on Judgments, sect. 328; *Bank* v. *Wheeler*, 28
Conn. 433; *Randles* v. *Randles*, 67 Ind. 434; *Cole* v.
*Connelly*, 16 Ala. 271; *Rodgers* v. *Hatch*, 8 Nevada 39.

Opinion by PHILIPS, P. J.

This is an action to recover on a promissory note executed by defendants to a railroad corporation, designated
as "The Lexington and Southern Railway Company."
Said note is in words as follows :

"$360.00.            BUTLER, Mo., January 1st, 1880.

On or before the 1st day of January, A. D. 1881, we or
either of us promise to pay to the order of the Lexington
& Southern Railway Company, the sum of three hundred
and sixty dollars, for value received.

R. A. & JOHN ATKISON."

To this was attached the following stipulation or contract as expressive of the consideration of the note :

"The above note for $360, dated January 1st, 1880, and
payable on or before the 1st day of January, A. D. 1881,
to the order of the Lexington & Southern Railway Company, executed by R. A. & John Atkison, is to be placed
in the hands of F. J. Tygard, cashier of the Bates County
National Bank, at Butler Mo., in escrow, to be held by
him until the said railway company shall complete and
put into operation its railroad of standard guage from
the town of Pleasant Hill, Cass county, to the city of Butler in said Bates county, and shall also establish and construct a depot within three-fourths of a mile of the court
house in said city of Butler. If the same is all done and
completed, as aforesaid, by or before the 1st day of January, 1881, then said note is to become absolutely the
property of and to belong to, and is to be by the said
Tygard delivered to the said Lexington & Southern Railway Company, and the said makers of said notes are to
pay the amount thereof according to its tenor and effect.
But if said Lexington & Southern Railway Company fail
to complete and put in operation its said railway and
construct its said depot as herein provided, then the said

Tygard is to return said note to the makers thereof, to be disposed of as they may see proper.

In witness whereof, all the said parties have hereunto signed their names and affixed their respective seals this 1st day of January, 1880.     R. A. & JOHN ATKISON.

By E. H. BROWN, Pres. L. & S. Ry."

The said note being in custody of said Tygard, as expressed in said stipulation, together with other similar notes, after the first day of January, 1881, the plaintiff, having succeeded to the rights of the said payee in said note by consolidation and claiming to have complied with the conditions which entitled it to the possession of said notes, made demand on said Tygard therefor. On his refusal to surrender to plaintiff said notes, it brought action against him therefor in the circuit court of Bates county. He answered setting up how he held this and the other notes, executed with like conditions, alleging that the makers claimed that the plaintiff had not complied with the conditions which entitled it to the possession thereof, and asking that the makers be brought in as parties defendant. They were accordingly permitted to come in and answer, pleading substantially the same facts touching the non-compliance of plaintiff with said contract. The issues thus joined were found for the plaintiff, and judgment was rendered accordingly. The notes having been turned over by defendant Tygard to the sheriff in said action, and by the sheriff to plaintiff, it was adjudged (the plaintiff having elected to retain the possession of the notes, amounting in the aggregate to the value of $13,147.50) that it retain the same, and have and recover of the said Tygard one cent damages, and of the other defendants all the costs incurred in the case since filing of the amended answer therein by Tygard on the 22d day of March, 1881, and that the remainder of the costs be paid by plaintiff.

From this judgment the said makers of said notes duly prosecuted their appeal to the Supreme Court, but the defendant Tygard did not appeal, or sue out any writ of error. The amount of appeal bond given by said appel-

lants was $800. After the said judgment, to wit, on the. 20th day of June, 1882, the plaintiff brought this action against the defendants to recover the amount alleged to be due and owing on said note. The defendants answered setting up the same matters of defence as in the replevin suit, with the further defence that the plaintiff was not entitled to bring this action because of the pendency of said action in replevin on appeal in the Supreme Court.

On application of defendants, the cause was transferred by change of venue to the circuit court of Cass county where on trial had the plaintiff recovered judgment, from which the defendants again appealed to the Supreme Court, and this cause being pending there at the time of the adoption of the constitutional amendment creating this court, the case has been accordingly transferred here.

The said appeal in the replevin case was determined at the last October term of the Supreme Court, affirming the the judgment of the circuit court of Bates county.

By that decision the right of plaintiff to have the possession of this note and his title thereto were established, on the ground that the said conditions had been fully complied with by plaintiff. So that the only question presented by this record for our determination is, whether or not the plaintiff had the right to institute this action during the pendency of said appeal.

I. The judgment and decision in the action of replevin established the fact that the conditions on which the plaintiff was entitled to demand payment of the note sued on were fully performed prior to the first day of January, 1881. The note thereupon became absolutely due and payable, and the plaintiff was entitled to both the possession and payment without more. And although the note was then in escrow, "the liability of the party commenced as soon as the event happened or the conditions were fulfilled, without actual delivery by the depositary to the promisee."—1 Danl. Neg. Inst., sect. 68, citing *Couch* v. *Mesker*, 2 Conn. 302 ; and *Taylor* v. *Thomas*, 13 Kan. 217.

In the first named case Chief Justice Swift said : " The efficacy of the note depended solely on the conditions on

which it was delivered as an escrow. Of course it operated when these were performed, and although it was not formally delivered over by the depositary to the plaintiff, yet it took effect in his hands the instant the conditions were performed, without any formal delivery on his part." And in the latter case, Brewer, J., said : "This was an action on a promissory note. The note was originally placed in escrow, to be delivered on certain conditions. It had never been delivered by the depositary, hence it is claimed by the defendant that no action could be maintained upon it. This is an error. When the conditions of the escrow are performed, the title vests in the payee. The title does not hinge on the action of the depositary, but upon the performance of the conditions. Though it was not formally delivered over by the depositary to the plaintiff, yet it took effect in his hands the instant the conditions were performed, without any formal act of delivery on his part."

With or without the replevin suit, therefore, the plaintiff on performance of the conditions became entitled to recover this debt. The only suggestion against the right of action by plaintiff, after the first day of January, 1881, is that the plaintiff did not have the actual possession of the instrument evidencing the contract. By section 3560, Revised Statutes, it is provided that when a petition is founded on an instrument of writing charged to have been executed by the other party, and not therein alleged to be lost or destroyed, the same shall be filed with the petition. It was doubtless the impression that this provision of the practice act presented an insuperable obstacle to the maintenance of a direct action against the makers of the notes, that induced the plaintiff to take recourse to the action of replevin in the first instance. But this section of the statute has been construed by the Supreme Court to apply to such obligations as are executed only by the party sued. It does not apply to contracts signed by both parties, and deposited with a third party.—*Campbell* v. *Wolf*, 33 Mo. 459 ; *Bowling* v. *Hax*, 55 Mo. 448.

While it is true that the note in question was signed by the defendants only, yet the contract made simultaneously with it and attached to it was signed by both parties. This contract was expressive of the actual consideration of the note, and specified the terms on which the debt was to become due and demandable. It was so much a part of the note that the two made one instrument, so that they are to be treated in fact and law as one contract.—2 Par. on Cont., 7 ed., 503 ; *Lewis* v. *Penn Mut. Life Ins. Co.*, 3 Mo. App. 372 ; *Brownlee* v. *Arnold*, 60 Mo. 79 ; 1 Danl. Neg. Inst., sects. 150 and 156 ; *Harvey* v. *Effinger*, 37 Miss. 552. As such they must be taken and construed together. The note and appended contract or conditions were treated by the parties as an entirety inseparable and dependent, and so they were placed as one contract with the depositary. In such a case we are of opinion that the plaintiff could have instituted this action without filing the instrument sued on, and on the trial have compelled its production in evidence by a *subpoena duces tecum.*—*Bowling* v. *Hax, supra.*

II. The only remaining question to be considered is, did the pendency of the appeal operate so as to work a suspension of the plaintiff's right of action on the note until the termination of the contest in the Supreme Court ?

At common law a writ of error or *certiorari*, from the instant of its allowance, operated as a *supersedeas*, and annulled all subsequent proceeding taken, without any bond or other security.—Freeman on Executions, sect. 532. But this matter is now regulated entirely by statute, and judgments of the lower courts are in no manner affected by an appeal or writ of error, except in so far as they are superseded by appeal bonds or bonds of *supersedeas* on writ of error.

By section 3713, Revised Statutes, it is provided that an appeal "shall stay the execution," on the appellant giving bond, with approved security "in a penalty double the amount of whatever debt, damages and costs, have been recovered by such judgment—and the costs and

damages that may be recovered in any appellate court upon the appeal, conditioned, that the appellant will prosecute his appeal with due diligence to a decision in the appellate court, and shall perform such judgment as shall be given by such court, or such as said court shall direct the circuit court to give, and if the judgment of such court, or any part thereof, be affirmed, that he will comply with and perform the same, as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant by an appellate court."

The bond in said appeal was only for the sum of eight hundred dollars. It was manifestly designed by the parties and the circuit court granting the appeal, to cover only the matter of costs awarded against the appellants. It would be absurd to hold that this bond operated as a *supersedeas* of the right of action on the notes involved in that controversy, amounting as they did, in the aggregate, to the sum of $13,147.50. What protection would it have afforded the plaintiff, if, during the pendency of the appeal, the makers of the notes had become insolvent, or quit the state?

On the affirmance of the judgment on that appeal, the only judgment which the Supreme Court could render against the appellants would be that they pay the costs adjudged against them by the circuit court and the costs of the appeal. The appellee being already in possession of the notes, there could be no judgment for their delivery to the plaintiff. In fact the appellants never had possession of the notes.

The action being in replevin, in which the right of naked possession to the property sued for was involved, it was necessarily brought against Tygard the actual holder of the notes.—Wells on Replevin, sect. 134 ; *Davis* v. *Randolph*, 3 Mo. App. 454. It is further worthy of observation that the statute only provides for a " *stay of execution.*" As Tygard took no appeal, and of course made no appeal bond, had he been in possession of the notes at the time of the rendition of judgment, execution could have gone against him therefor. But the notes

were then in the possession of the plaintiff, and, it having elected to hold them, the execution operated only as a stay of execution against the appellants for the costs.

Without reviewing the authorities, it is sufficient to say, that the general rule in this respect, seems to be this : If the case taken by appeal is to be re-tried in the appellate court, *de novo*, as upon original process, and it is to settle the matter involved by its own judgment, to be enforced on its process, then the appeal—like that from a justice of the peace or probate court—vacates the judgment *pro tem.* of the inferior court.   But if the appeal is in nature of the ancient writ of error or *certiorari*, carrying up the case to the superior court for review only of the errors of the trial court, and the questions for adjudication are, shall the judgment of the lower court be affirmed or reversed, modified or remanded for further trial or special procedure, the appeal does not vacate or suspend the judgment of the inferior court, nor bar an action on the judgment.—*Banks* v. *Wheeler*, 28 Conn. 433-441-2 ; *Rogers* v. *Hatch*, 8 Nev. 39, and citations. In illustration : In *Randler* v. *Randler* (67 Ind. 434), there had been a partition suit between the parties, in which certain lands had been assigned to the plaintiff as dower, from which the defendants appealed, giving an appeal bond in the sum of $500.00.   During the pendency of the appeal, the plaintiff brought action in ejectment against the defendants to recover the possession of this assigned land.   The pendency of said appeal was interposed as a defence.   The defence was overruled.   The court said : " The only effect of the filing of the appeal bond on the appeal to this court from the judgment of the circuit court in the partition suit, was to stay execution upon the judgment for costs, until such appeal was determined, and that in all other respects the judgment, until annulled or reversed, was binding upon the parties thereto, as to every question directly decided therein,"—citing many decisions in support.—See Freeman on Judgments, sect. 328.

The judgment in the action of replevin, awarding the

custody of the notes to plaintiff, required no further execution than its own terms. It was self-executing, except as to the costs, which were stayed by the appeal bond.

This rule might not apply, as already intimated, in an equitable proceeding, where the decree is appealed from and bond given. For there the whole record is taken before the appellate court to be re-tried on the merits of the controversy, with jurisdiction in the appellate court to proceed to render judgment *ex equo et bono.—The City of Racine* v. *Burnes*, 6 Wis. 472.

We are of the opinion that the defence interposed by defendants is not sustainable. The judgment of the circuit court should, therefore, be affirmed. The other judges concurring, it is so ordered.