## W. R. BEAVERS, Respondent, v. FARMERS & TRADERS BANK OF HARDIN, MISSOURI, Appellant.

### Kansas City Court of Appeals, February 2, 1914.

1. **BILLS AND NOTES: Chattel Mortgage: Assignment.** A chattel mortgage regular on its face given to secure two negotiable promissory notes is incident to the notes. And when the notes are assigned for value before maturity to a holder in due course as defined by Sec. 10022, R. S. Mo. 1909, the chattel mortgage so far partakes of the negotiability of the notes as to pass, with them, to the assignee, freed from all secret or latent equities between mortgagor and mortgagee, the same as the notes.

2. ———: ———: ———: ———. But where the chattel mortgage contains as one of its express conditions a stipulation that the notes it secures are given for the purchase price of a jack therein described, and that by accepting the mortgage the mortgagee guarantees the jack, this makes the chattel mortgage carry on its face the equity of the mortgagor to have the mortgage cancelled if the warranty of the jack is broken. And in such case the assignee of the notes does not take the chattel mortgage free from such equity. Whether such clause in the recorded chattel mortgage is sufficient to affect the notes with said equity, since the notes stated they were secured by said chattel mortgage, is not decided, since the maker of the notes does not raise the question by complaining of the judgment rendered.

Appeal from Carroll Circuit Court.—*Hon. Arch B. Davis*, Judge.

AFFIRMED.

*Jones & Conkling* for appellant.

*Lozier & Morris* for respondent.

TRIMBLE, J.—This is a suit in equity wherein the plaintiff prays the cancellation of two notes of $400 each and a chattel mortgage given to secure same, or, if the court will not cancel said notes, but finds that plaintiff owes anything thereon, that then the sum due thereon be ascertained so that plaintiff may pay same, and that such other and further relief may be granted as will be meet and just.

The chancellor heard the evidence and, refusing to cancel the two notes, rendered judgment against plaintiff on them in favor of the defendant bank as an innocent holder for value, but directed the cancellation of the chattel mortgage. The bank appealed.

Plaintiff brought the suit against the defendant bank and one Jeff Gentry. The material facts out of which it grew are these:

Gentry sold plaintiff a jack and received in payment therefor the two notes in question, and to secure said notes, took a chattel mortgage on said jack and on other personal property owned by plaintiff.

The notes and chattel mortgage were given March 15, 1911, and the chattel mortgage was duly recorded March 28, 1911. On May 12, 1911, before either of the notes were due, Gentry assigned them to the defendant bank as collateral security to secure the payment of a note of $800 which he gave the bank on that date. After the two notes in controversy fell due according to their terms, by reason of the nonpayment of interest, the bank began pressing plaintiff for payment and was threatening to foreclose the

chattel mortgage and sell the jack in question and plaintiff's other property therein described. Whereupon plaintiff brought this suit.

The chattel mortgage contained the following provision: "Said Gentry by accepting this mortgage does hereby guarantee said Jack to be a reasonably sure foal getter, and also guarantees said jack to be capable and willing and able to cover mares that may be brought to him for service. This mortgage is given to secure the purchase price of said Jack."

It was pleaded in the petition that Gentry, the payee in said notes, warranted and guaranteed said jack to be a good foal getter, and to be capable and willing to serve mares that might be brought to him for service, and that all of said facts were fully set forth in said chattel mortgage; but that there is and was a breach of said guaranty and warranty, in that said jack was not a reasonably good foal getter, and was not capable, willing and able to serve mares that might be brought to him for service, and was wholly worthless for any purpose whatever. And the decree of the chancellor specifically found these facts to be true. No complaint is made of this finding.

Defendant contends, however, that the chattel mortgage was merely incident to the notes and partook of their negotiability; and, inasmuch as the court found that the defendant bank took said notes discharged of any equities to which they were subject while in the hands of Gentry, the bank also took said chattel mortgage free from such equities. Consequently, defendant argues that the court erred in destroying the chattel mortgage.

The soundness or unsoundness of this contention, and the consequent disposition to be made of the case, hinge upon the question whether or not the chattel mortgage in this case, *which on its face,* and as one of its express conditions, *asserts and carries equities between the mortgagor and mortgagee,* so far partakes

of the negotiability of the notes that the bank took it discharged of all such equities the same as the notes were. It is undoubtedly true that the rule is announced that a chattel mortgage or deed of trust given to secure a promissory note is incident to the note, so that when the latter is assigned to an innocent holder for value before maturity, the chattel mortgage or deed of trust so far partakes of the negotiability of the note as to pass to the assignee as free from equities existing between the original parties as the note. And the following, as well as other, cases so hold:. Crawford v. Altman, 139 Mo. 262; Jennings v. Todd, 118 Mo. 296; Hagerman v. Sutton, 91 Mo. 519; Merchants National Bank v. Abernathy, 32 Mo. App. 222; Mayes v. Robinson, 93 Mo. 114; Logan v. Smith, 62 Mo. 455; Bank v. Frame, 112 Mo. 502; Bank v. Rohrer, 138 Mo. 369; Borgess Inv. Co. v. Vette, 142 Mo. 573. But all of these cases deal with mortgages or deeds of trust *which on their face disclose no equities.* None of them hold that the doctrine contended for by appellant is applicable to a case like the one at bar, or applicable to any case where the mortgage *contains* warranties or guaranties, or on its face suggests or reserves defenses. In none of the cases cited has it been held that the assignees of a negotiable promissory note can enforce the mortgage lien in violation of the express provisions of the mortgage, or that such an assignee can claim the benefits of the mortgage and at the same time repudiate its burdens and obligations. An examination of the above authorities will disclose that they all are cases in which no equity is expressed on the face of the mortgage or deed of trust, or else are cases dealing solely with negotiable paper and involving no other instrument. The case of Hagerman v. Sutton, supra, is a sample of the former, wherein the defenses relate to equities not suggested or disclosed by the mortgage, the court saying, on page 532, "No hidden lien, undisclosed priority, or secret trust, be-

tween Downing and any third person, could affect his interests or prejudice his claim to full satisfaction out of the mortgaged premises." The case of Link v. Jackson, 158 Mo. App. 63, is a sample of the latter where the rights of a purchaser of negotiable paper only are involved.

In the case before us, the bank can claim no title to, or lien upon, the mortgaged property except through the chattel mortgage. And as this contains an express provision in regard to Gentry's warranty and guaranty, this may be said to have given the bank notice of this guaranty as one of the conditions of the mortgage. In the Hagerman case, supra (91 Mo. l. c. 532), the court said: "Generally, it may be stated as a rule on this subject that where a purchaser cannot make out a title but by a deed which leads him to another fact, he shall be presumed to have knowledge of that fact." In National Bank of Commerce v. Morris, 114 Mo. 255, l. c. 261, it is said: "There is no question and there can be none as shown by the authorities cited by counsel that where a paper, contract or agreement is referred to in a mortgage, that all persons claiming under such mortgage where it had been duly recorded take with notice of the paper, contract or agreement referred to. [Munson v. Ensor, 94 Mo. 504; Brownlee v. Arnold, 60 Mo. 79; Lewis, Admr., v. Ins. Co., 3 Mo. App. 372; Railroad v. Atkison, 17 Mo. App. 484.]" If one claiming under a mortgage is bound by the terms and provisions of a separate instrument referred to but not incorporated therein, then certainly he is still more firmly bound by the provisions and conditions plainly written and expressed in the mortgage under which he claims. [See also on this point, Stoy v. Bledsoe, 68 N. E. 907, l. c. 909; Sill v. Pate, 82 N. E. 356, l. c. 359.]

Now, while a note and mortgage securing it and executed at the same time are usually considered as parts of one and the same contract or transaction yet

in many ways they are treated as separate transactions. As said in Owings v. McKenzie, 133 Mo. 323, 1. c. 334, speaking of a note and deed of trust on real property, "They are separate instruments in form and executed for different purposes to different parties, affecting different subjects—one an absolute promise on the part of the maker to pay a given sum of money in a given time and subject to enforcement, independent of, and it might be said in disregard of, the other; the other is a conditional instrument, that may not be executed for any purpose and is rendered lifeless by the execution of the promise of the former. The money obligated to be paid by the notes is the substance and the life of the transaction, the deed of trust securing it is but an incident. The note is governed by the law merchant, the deed of trust by the law affecting real property."

The express provision of the chattel mortgage that it was given to secure the purchase price of the jack and that Gentry, "by accepting this mortgage" guarantees the jack, is as much one of the conditions of the chattel mortgage as any other condition therein. That being the case, the bank ought not to claim the benefit of the other conditions therein while at the same time ignoring and repudiating this condition. In Fox v. Windes, 127 Mo. 502, 1. c. 511, 512, it is said that "he who accepts a benefit under an instrument must adopt the whole of it, conforming with all its provisions, and renouncing every right inconsistent with them. . . . No man can be permitted to claim inconsistent rights with regard to the same subject, and anyone who claims an interest under an instrument, is bound to give full effect to that instrument as far as he can. A person cannot accept and reject the same instrument, or, having availed himself of it as to part, defeat its provisions in any other part; and this applies to deeds, wills, and all other instruments whatsoever. [2 Herman on Estoppel and Res

Judicata, sec. 1028, p. 1156. See, also, 2 Story's Eq. Jur. (13 Ed.), sec. 1080.]''

In 16 Cyc. 791 it is said: ''A person claiming under a deed containing a condition, exception, or reservation, is bound thereby and cannot take the conveyance without assuming its obligations.'' [See, also, Walker v. Frazier, 2 Rich. Eq. 99; Hadley v. Pickett, 25 Ind. 450.]

In Linnville v. Savage, 58 Mo. 248, l. c. 254, 255, it was held that while the assignee of a note secured by a mortgage may be entitled, in a suit on the note, to a personal judgment against the maker, without regard to the equities between the maker and the original payee, still, when the assignee seeks the enforcement of his claim under a mortgage, he occupies an entirely different situation and is in no better or no worse position than the person from whom the mortgage was acquired by assignment. One who seeks to enforce an equity, must take it subject to prior equities. The law governing mercantile paper has no application to cases of this character. Under the law, the assignee could not be bound by any equities between the original payee and the maker, so far as the notes are concerned. But the deed of trust or mortgage to secure these notes was made no better or worse by the transfer. While the language referred to in the Linville case may be broader than our decisions now warrant, if applied to a mortgage containing no express provision in it or to an assignee wholly without notice, it certainly is applicable where the mortgage contains such provision.

In Jones on Chattel Mortgages (5 Ed.), sec. 501, it is said: ''The assignee of a mortgage and the note secured by it is a purchaser in the same way that a mortgagee is a purchaser. The assignee without notice stands upon the same footing as a bona-fide mortgagee. He is entitled to the same protection as any bona-fide grantee without notice. He is entitled to

rely upon the record, and when that discloses an un-impeachable title he receives the protection of the law as against unknown liens and incumbrances prior to the mortgage, and as against latent defects." It is true the same author says in sec. 503 that "if the debt be in the form of a negotiable promissory note, the assignee by indorsement takes the mortgage as he takes the note, free from any equities which existed in favor of third persons while it was held by the mortgagee." But in each of the cases cited in support of the text (Carpenter v. Longan, 83 U. S. 271, and Gould v. Marsh, 1 Hun [N. Y.], 566), there was nothing in the mortgage itself to disclose the equity, and both cases say the purchaser of the note looks to, and has a right to rely upon, the record, and if that discloses nothing to him, he is protected.

So also in 2 Cobbey on Chattel Mortgages, sec. 648, it is said: "An assignee takes free from all equities in favor of the mortgagor, if the mortgage secured negotiable paper not due when the assignment was made." But in all the cases cited in support of the rule, the equities were secret or latent, and there were none in which the equity arose out of an express provision contained in the mortgage.

Cases from Illinois cited by respondent are not safe guides to follow on the question involved since that State follows a different rule from ours on the question of a mortgage partaking of the negotiability of the note it secures. And the same is true of cases cited from Minnesota. But, in all the decisions of our State as well as of those announcing the same rule, to-wit, that the assignee of negotiable paper secured by mortgage takes the latter freed from equities the same as the note, it will be observed that the language used was in reference to equities not expressed on the face of the mortgage.

But appellant contends that there had been no breach of warranty at the time the assignment was

made to the bank, that at that time the future alone could tell whether there would be a breach or not and hence the equity did not arise until after the assignment. We think, however, that the *equity* existed at the time the chattel mortgage was given. The breach of warranty become manifest later but the *right* to cancel the mortgage existed at all times if the guaranty of the jack failed. The mortgage was given on that condition. When Beavers executed the notes he promised unconditionally to pay the money therein called for, and, as the notes were negotiable, he thereby agreed to pay it at all events if the notes were negotiated before maturity. But when he gave the chattel mortgage upon his other property he inserted a provision therein that the security was given upon the condition that the jack would prove to be as guaranteed. It seems to the writer that if we were to allow the bank to hold the chattel mortgage regardless of this provision, we would be striking out of it one of its most important clauses and conditions. This would in effect be denying to plaintiff and Gentry the right to make any sort of a contract they chose to make with each other although the terms were expressly stipulated in the mortgage and the latter was immediately placed on record.

It is true that by the Negotiable Instruments Act, section 10022, Revised Statutes 1909, the holder, in due course, of a negotiable instrument is one who takes such instrument complete and regular on its face, before due, in good faith, for value and without notice, at the time it was negotiated, "of any infirmity in the instrument or defect in the title of the person negotiating it;" and that by section 10026, to constitute notice of such infirmity or defect actual knowledge must exist or knowledge of such facts as will make the act of taking the instrument amount to bad faith. But this applies only to the notes in question, and does not cover the chattel mortgage in this case. The trial court gave

effect to the above section by upholding the notes.   But inasmuch as the chattel mortgage contains an express provision showing the condition upon which it was given and accepted, that provision cannot be ignored or eliminated.

The judgment is affirmed.   All concur.