## GARNER v. WRIGHT.

1. COMMON LAW: *Presumption as to.*
   The courts of this State will not presume that the common law is in force in the Indian Territory, where no system of laws has been adopted.

2. INDIAN TERRITORY: *Adjudication as to right accruing in.*
   When the aid of our courts is invoked as to a right accruing in the Indian Territory, in the absence of evidence showing the laws in force there, the laws of this State will be applied and justice administered according thereto.

3. CHATTEL MORTGAGE: *Possession under: Mortgagee's title.*
   Where a mortgaged chattel is delivered to the mortgagee before the right or lien of any third party attaches, his title is good against all persons, if the mortgage was previously valid between the parties, although it is not acknowledged and recorded.

4. SAME: *Same.*
   While the mortgaged chattel is in the custody of the mortgagee, he may lend it to the mortgagor for occasional, temporary use, without prejudice to his security.

APPEAL from *Sebastian* Circuit Court.

JOHN S. LITTLE, Judge.

*C. M. Cooke* and *Joseph M. Hill*, for appellant.

1. As there is no *lex loci contractus* to govern this case, the parties having invoked the aid of our courts, the *lex fori*, the common law, should govern. See *18 How., 100; 4 id., 567; 14 Otto, 621; 116 U. S., 28; 12 Otto, 145; Vattel (Chitty's 4th Am. ed.), sec. 107; Story Conf. Laws (5th ed.), pp. 421–2; 1 Kent Com., \*pp. 243, 473, note a; 1 Sharsw. Blackst. \*p. 108, note 11; 6 N. J. L., 1; 1 Dall., 374; 1 Dall., (Pa.) 64; 5 Peters, 233; 3 Oh. St., 172; 2 Oh. St., 387; 45 Miss., 397; 2 Ark., 198; Mansf. Dig., sec. 566; 53 Miss., 222.* The parties, Brown and Garner, being citizens of the United States, and white men, in the absence of proof, the law will presume they had as their heritage

the common law of England. *14 Ark., 603; 30 id., 469; 31 id., 32; 105 U. S., 24.*

2. Under the common law delivery of mortgaged property was essential. Registration or filing, under our laws, has taken the place of delivery, but either is sufficient. *Jones. Chat. Mortg., sec. 176; 30 Wisc., 81; 19 Sm. & Mar. (Miss.), 282.* Possession by the vendor or mortgagor, for temporary purposes, does not invalidate the transfer. *41 Ark., 186; 33 Am. Dec., 164; 32 id., 341.* A subsequent delivery to the mortgagee cures all defects. *Jones Ch. Mortg., sec., 178 and note 4; 49 Ark., 279.*

3. The action is transitory and may be maintained in any forum in which plaintiff may find the defendant or property. The *res* is a chattel. *Bouvier Law Dic., "Transitory Actions;" Bacon Ab. Tit. Actions, Local and Transitory; 1 Ark., 63; 31 Am. Dec., 264; 32 Am. Dec., 341; 1 Ves., 444; 6 Cranch, 148; 31 N. J. Law, 309.*

4. *Carter v. Goode, 50 Ark., 155,* applies only to torts. The following cases would seem to announce a different ruling : *Cowper, 167–8; ib., 180.* Certainly in cases *ex contractu, cases supra.*

E. E. *Bryant,* for appellee.

1. Whether the doctrine in *50 Ark., 155,* applies to contracts or not, is not necessary to inquire. At common law, possession by the mortgagee was essential, as against third parties. *Jones Ch. Mortg., sec. 176; Brown on Mortg, sec. 245; 49 Ark., Watson v. Lumber Co; 9 id., 19; 41 id., 186–191; 75 Am., Dec., 143,* and many others. The change of possession must continue, during the life of the mortgage. The mortgagee must "take and *retain*" possession. *Jones Ch. Mort., secs. 176, 180–1, 185, 186–7; Boone Mortg., sec. 245; 15 Wend., 244; 9 Johns., 337; 16 Pick., 34; 19 Vt., 609; 17 Pac. Rep., 594; 30 Am. Dec., 475; 16 id., 686.*

2. The common law does not exist in the Indian Territory between whites. *30 Ark., 230; 50 Ark., 155; Story Conf.*

Garner v. Wright.

*Laws, secs, 278–9, 273–4; 15 Cal., 253; 20 Fed. Rep., 300.*
There being nò *lex loci contractus*, the *lex fori* governs. *18*
*Ark., 395; Story Conf. Law, supra.*

3. While courts may enforce the laws of another country
*by comity (1 Gr. Ev., sec. 43; Story Conf. Laws, secs. 244, 36)*,
yet they refuse so to do when against the policy of their laws,
or against the interests of her own citizens. *Story Conf. Laws,*
*sec. 244; 70 Am. Dec., 65, 66; 31 Ark., 32; 14 Martin, 93, 102;*
*142 Mass., 102; 81 N. Y., 199; 9 Phila., 615; 8 Mich., 143; 12*
*N. W. Rep., 913; 9 Vt., 358; 23 id., 279; 18 Ark., 395.*

HEMINGWAY, J. The appellant, Garner, and one Brown,
white men, and citizens of the United States, resided in the
Indian Territory. On the 19th of January, 1886, Brown there
executed a mortgage to Garner, whereby he conveyed to him
certain chattels, including the horse and wagon in controversy,
as security for a debt.

The mortgage provided that Garner should have posses-
sion and control of the mortgaged chattels. They were ac-
cordingly delivered to him and remained in his sole possession
for more than a month, when Brown borrowed them to use in
hauling wood. He used them during ten days, but at night
returned them to Garner's barn. On the 9th of April follow-
ing, Brown borrowed them to make a trip to Fort Smith, and
after his arrival there they were seized under an attachment
against his property. Garner appeared in the attachment suit,
and filed an interplea, claiming them under his mortgage.
There was judgment against him on the interplea and he
appealed.

In determining the merits of his claim it is essential to know
by what law the validity of the mortgage is to be determined.

As a rule, when rights arise in a particular country, they
are to be determined by the laws of that country, and the
party who would avail himself of them should prove them.

Garner v. Wright.

The mortgage in controversy was executed in the Indian Territory. No proof was offered of the laws in force there applicable to the matter, and it was agreed between the parties that there was no local Indian law that was pertinent. This absence of proof cannot be supplied by presumption. In similar cases the courts of this State will generally presume the common law to be in force in another State. *Cox v. Morrow, 14 Ark., 603; Thorn v. Weatherly, 50 Ark., 243.* But this presumption is indulged as to those States only that have taken the common law as a basis of their jurisprudence. Such a presumption would not be indulged as to the laws of the States of Louisiana and Texas, because we know that their jurisprudence is founded upon a different system; the same reason forbids such a presumption as to the laws of the Indian Territory, for we know that no system of law has been adopted there. But property rights are asserted there, and their existence universally recognized. They do not depend upon the uncertain tenure of possession, but rest upon a more substantial basis. As such rights are respected there, they should be enforced when they become involved in the courts of this State.

There is no Federal law on the subject. We have no proof of, and can indulge no presumption as to, the local laws in force there. As the parties have invoked the aid of our courts, we must therefore apply our own law and administer justice according to its principles. Such we understand to be the practice of the Supreme Court of the United States. *The Scotland, 15 Otto, 24.*

Under our law if a mortgagee take possession of the mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties, although it be not acknowledged and recorded. The delivery cures all such defects. *Jones Chat. Mort., sec. 178,* and cases cited; *Applewhite v.*

*Margin notes:*

1. COMMON LAW: Presumption as to.

2. INDIAN TERRITORY: Rights accruing in.

3. CHATTEL MORTGAGE: Possession under Title.

*Harrell Mill Co., 49 Ark., 279; Cameron v. Marvin, 26 Kan., 625; Hutton v. Arnett, 51 Ill., 198.*

While the mortgaged chattels are in the custody of the mortgagee, he may lend or hire them and they continue in his possession constructively; and there is nothing in the relation which he sustains to the mortgagor that forbids to him the offices of ordinary kindness or good neighborhood. Therefore, the mortgagee may lend the mortgaged chattels to the mortgagor for occasional, temporary use, without prejudice to his security. In a case very similar to this the Supreme Court of Vermont so ruled. *Farnsworth v. Sheppard, 6 Vt., 521.*

The learned Judge of the Circuit Court held that appellant's mortgage was void for want of filing and record. But it follows from the principles herein announced, that he was mistaken in this. If the transactions of delivery and loan were had *bona fide,* the mortgage should be sustained.

The judgment is reversed and the cause remanded.

4. SAME:<br>Same.