# WILLIAM A. MATHIESON v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

### Division One, April 13, 1909.

1. **NEGLIGENCE: Statute of Another State: Pleaded in Answer.** The courts of this State will not take judicial notice of the legislative enactments of another State. But where the petition pleads a part of a statute, and the answer the whole of it, and the reply admits the truthfulness of that plea, the entire statute is before the court for consideration.

2. ———: **Of Another Employee: Notice of Claim Must Be Pleaded.** A statute giving to the employee of a railroad company a right of action for the negligent act of another employee, provided the injured party "gives the company notice in writing of the injuries sustained and of the time and place it occurred, within ninety days after the accident occurred," does not give the injured employee an absolute right of action, and a petition, basing the plaintiff's right of action upon such statute, does not state a cause of action unless it alleges that the notice required by the statute was given.

3. ———: ———: ———: **In Reply.** And a plea in the reply that the notice was given is not sufficient. Plaintiff must recover, if at all, upon the cause of action stated in the petition, and not upon the one stated in the reply.

4. ———: ———: ———: **Negligence at Common Law: Theory of Trial.** Where it is apparent from the face of the petition that the action is bottomed upon the statute, and the record shows that it was tried upon that theory, the plaintiff, after judgment in his favor, will not be permitted to shift his position on appeal, and contend, where the petition fails to state a cause of action under the statute, that it states a good cause at common law.

5. ———: **At Common Law: In Kansas.** The territory now comprised within the State of Kansas was acquired by the United States from France, and consequently was never subject to the common law of England. The presumption that the common law is in force in a sister State applies only to those States carved out of English territory; and hence, where plaintiff bases his right to recover upon the common law, for injuries received in Kansas, it is incumbent upon him to allege and show that the common law is in force in that State, made so by legislative enactment.

Appeal from Jackson Circuit Court.—*Hon. H. L. Mc-Cune*, Judge.

REVERSED AND REMANDED.

*W. F. Evans, I. P. Dana* and *W. J. Orr* for appellant.

。 The petition fails to state a cause of action and the failure is not aided or cured by the instructions given. or by the ·evidence. Beasley v. Transfer Co., 142 Mo. 421; Fuchs v. St. Louis, 167 Mo. 620; Chandler v. Gas Co., 174 Mo. 321; Root v. Railroad (Mo.), 92 S. W. 621; Ray on Negligence of Imposed Duties, 133-134; Webb's Pollock on Torts, 45-46; Stone v. Railroad, 171 Mass. 536; Wood on Master and Servant (2 Ed.), 677; Beach on Contributory Negligence (2 Ed.), sec. 6.

*Walsh & Morrison* and *Virgil Conkling* for respondent.

The requirements of the Kansas statute as to notice were fully met. The notice was taken and transcribed by defendant's agent, Dr. Botts. Phillips v. Railroad, 111 S. W. 109. Dr. Botts and the defendant treated the notice as sufficient. Griswold v. Ludington, 116 Mich. 401; Langley v. Augusta, 118 Ga. 601; Foster v. Village of Bellaire, 127 Mich. 13; Lindley v. Detroit, 131 Mich. 8. Substantial compliance with the statute is sufficient and technical defects will not vitiate it where defendant is not misled. Reno v. St. Joseph, 169 Mo. 655; Canter v. St. Joseph, 126 Mo. App. 636; Brown v. City of Owosso, 126 Mich. 91; Schnee v. City of Dubuque, 122 Iowa 459. No demand or claim for compensation need be included when not specifically required by the statute. Carroll v. Railroad, 182 Mass. 237; Taylor v. Woburn, 130 Mass. 494; Roberts and Wallace on Duty of Employers (3 Ed.), 319, 320. The statement shows on its face that it is intended as

the basis of a claim for damages. But if not it is sufficient if given to defendant as such, as distinguished from a private conversation with a friend. Kenady v. Lawrence, 128 Mass. 318; Lyman v. Hampshire County, 138 Mass. 74. It is not necessary to state that the notice was given under the statute. Messano v. New York, 160 N. Y. 123. Notice may consist of two entirely separate papers if they sufficiently show their relation to each other. Walsh v. Buffalo, 92 Hun 438. Plaintiff is not confined to the injuries stated in the notice, provided he acted in good faith. George v. Edelbrock, 97 Mo. App. 63. The service of notice was sufficient. Wormwood v. City of Waltham, 144 Mass. 184; Shea v. Railroad, 173 Mass. 177; DeForge v. Railroad, 178 Mass. 59. But even if the notice is insufficient, recovery may be had at common law. 6 Current Law, 590; Holm v. Empire Hdwe. Co., 92 N. Y. Supp. 914, 102 App. Div. 505; Kleps v. Bristol Mfg. Co., 95 N. Y. Supp. 337, 107 App. Div. 488; Railroad v. Little, 75 Kan. 716; Railroad v. Norgate, 141 Fed. 247.

WOODSON, J.—This cause was begun in the circuit court of Jackson county to recover damages for personal injuries alleged to have been sustained by plaintiff, on December 1, 1903, whilst he was employed as a member of a switching crew working in defendant's yards in Kansas City, Kansas.

A trial was had which resulted in a judgment for plaintiff for the sum of $15,000, and defendant duly appealed the cause to this court.

The petition in substance alleged the incorporation of the defendant; that on the 1st day of December, 1903, plaintiff was employed as a switchman in the defendant's yards in Kansas City, Wyandotte county, Kansas, and was engaged on said day in switching freight cars into the packing plant of the Fowler Packing Company. That plaintiff was a member of a switching crew under the charge and control of an

agent, servant and vice-principal of defendant, named Merten, and that in the course of his employment plaintiff was upon a string of freight cars being switched into said plant, and Merten was alongside of said cars; that he, Merten, notified the plaintiff that he was about to uncouple the last two cars, and plaintiff was thereupon proceeding along the top of such string of freight cars, relying upon the notification of said Merten, and was passing from the top of the third car to the top of the fourth car when said Merten carelessly and negligently, and without warning to plaintiff, uncoupled the cars between said third and fourth cars, thereby causing said cars to separate, and causing said plaintiff to fall to the track below, striking upon the cross-ties and wounding him as thereinafter set out.

The petition further alleged as follows:

"That at all times hereinafter mentioned it was and is provided by the laws of the State of Kansas, as follows: 'Every railroad company organized or doing business in this State shall be liable for all damages to any employee of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employees to any person sustaining such damage.' That said injuries to plaintiff were directly caused by the carelessness and negligence of the defendant, its agents, servants and employees, in this:

"That said foreman, Merten, carelessly, negligently and unskillfully and without warning to plaintiff uncoupled said freight cars at a point where plaintiff was passing from one of said cars to the other, where he knew, or by the exercise of reasonable care might have known, that plaintiff was in a position of imminent peril upon the tops of said cars and engaged in passing from the one to the other; that said Merten carelessly, negligently and unskillfully and without

warning to plaintiff uncoupled the third car from the fourth car after having notified the plaintiff that he was about to cut off but two of said cars, thereby cutting off three of said cars, although he knew or by the exercise of reasonable care might have known that plaintiff was in a position of peril passing along the tops of said cars and liable to be thrown thereby to the track below.''

The petition alleges that by reason of the foregoing negligent acts of the defendant, its agent, servant, vice-principal and foreman, Merten, the plaintiff was thrown from his position on top of said freight cars, and fell to the cross-ties, and thereby his feet, and the bones, muscles, flesh, cords and sinews thereof were bruised, crushed, sprained and broken; the arches of both feet were broken so that the insteps were sunken and depressed, and that plaintiff has suffered, and will in the future continue to suffer, great pain and anguish of mind and body, and had lost all of his time and earnings and will continue to lose them in the future; that such injuries were permanent, and that plaintiff's earning capacity has been entirely destroyed, all to his damage in the sum of $15,000, for which judgment was prayed.

The answer of the defendant contained a general denial, a plea of contributory negligence, and a plea of assumption of risk. It also contained the following allegations:

"4. For a fourth answer and defense to said amended petition defendant avers that plaintiff has stated in said petition that he was working for defendant in and about its yards and connections in Wyandotte county, Kansas, and that at the time he was injured he was working in said Wyandotte county, Kansas, and the accident of which plaintiff complains in his petition happened in said county and State of Kansas. Defendant further avers that the law of the State of Kansas set up in said amended petition was

amended on March 4, 1903, by the Legislature of the State of Kansas, and as amended is as follows:

" 'Every railroad company organized or doing business in this State shall be liable for all damages done to any employee of said company in consequence of any negligence of its agents, or by any mismanagement of its engineers, or other employees, to any person sustaining such damage; provided, that notice in writing of the injury so sustained, stating the time and place thereof, shall have been given by or on behalf of the person injured to such railroad company within ninety days after the occurrence of the accident.'

"Defendant further avers that plaintiff has failed to comply with said law of the State of Kansas in that he has failed to give to defendant, within ninety days after the occurrence of said accident, any notice of the injury sustained by him, stating the time and place thereof, and that by reason thereof plaintiff cannot recover herein."

The reply filed by the plaintiff denied the allegations of the defendant's answer, and further pleaded that the plaintiff had given notice to the defendant, within ninety days after the occurrence of the accident.

I.   Counsel for appellant insists that the petition filed herein does not state facts sufficient to constitute a cause of action.

This action is based upon the statute of Kansas, set out in full in appellant's answer.  By reading the petition it will be seen that all of that part of the statute beginning with the word "provided" and ending with the word "accident" was not pleaded in the petition.

The law is too well settled to require the citation of authorities in support thereof, that the courts of this State will not take judicial notice of legislative enactments of our sister States; and were it not for the

fact that the answer of appellant pleads the entire act, only a portion of it would be before us. But since the answer pleads the entire section, and the reply admits the truthfulness of that plea, we must hold that the entire act is properly before the court.

That statute does not purport to give an absolute cause of action in favor of an employee of a railroad company who is injured through the negligence of its engineers or other employees, but only gives the injured employee that right *provided* he gives the company notice in writing of the injuries sustained and of the time and place it occurred, within ninety days after the accident occurred.

That being true, then it is clear respondent had no cause of action until he gave the statutory notice. In other words, it is apparent from reading the statute that the company was not liable for such damages merely because respondent was injured by other employees of the company, for the simple reason that he had no cause of action under the statute until the notice was properly given. The giving of that notice was one of the essential elements of respondent's case, and it should, therefore, have been alleged in the petition and established by the proof before he would have been entitled to a recovery. Without that allegation the petition is fatally defective and does not state facts sufficient to constitute a cause of action.

Where the right of the plaintiff to recover depends upon conditions stated in the same section of the statute which gives the right of action, then the petition must allege the performance of those conditions or requirements, otherwise it will state no cause of action. [McIntosh v. Railroad, 103 Mo. 131.]

In the case above cited, BARCLAY, J., in discussing the question of pleading a cause of action given by a similar statute, used the following language:

"It was expressly held in Barker v. Railroad (1886), 91 Mo. 86, that any person claiming statutory

damages for the death of another, under section 2121, Revised Statutes 1879, must, both by pleading and proofs, bring himself within its terms. Here the action was brought within the time (six months) during which the widow of deceased (had he left one) would have had the exclusive right to sue. Yet, the petition does not even show that he was unmarried when he died.

"The right of the parents to maintain the action depends in part on the facts that he left neither widow. nor minor children surviving him, and those facts should be alleged and proved if denied."

This court, in the case of Reno v. St. Joseph, 169 Mo. 642, recognized the necessity of pleading the notice required by section 5724, Revised Statutes 1899, which only requires the notice to be given before an *action* can be *maintained,* and does not *withhold the right of action itself* until the notice is given, as in the case under the Kansas statute. If it is necessary to plead the statute in the former case, then *a fortiori* should it be pleaded in the latter.

And the same view of the matter was taken by the Kansas City Court of Appeals in the case of Burnette v. St. Joseph, 112 Mo. App. l. c. 669. To the same effect is Baird v. Railroad, 146 Mo. l. c. 279.

We are, therefore, of the opinion the petition does not state facts sufficient to constitute a cause of action.

II.   Counsel for respondent seeks to avoid the result of the conclusions reached in paragraph one of this opinion by insisting that the petition states a good cause of action under the common law, and that he is entitled to recovery independent of the statute pleaded.

In our opinion that contention is untenable; and it is apparent from reading the petition that the suit is bottomed upon the statute, and no attempt whatever was made to state a cause of action under the common

law. The record also shows that the case was tried upon that theory, and he should not be permitted now to change front in this court.

But independent of that, the territory which now composes the State of Kansas was acquired from France by the United States under a treaty dated April 30, 1803, and, consequently, was never subject to the common law of England.

The presumption that the common law is in force in a sister State applies only to those States which are carved out of English territory.

The St. Louis Court of Appeals, in the case of Mc-Manus v. Railroad, 118 Mo. App. 1. c. 160 and 161, stated the rule in the following language:

"The laws of the State of Idaho, if it has any, in regard to blocking guardrails, were not offered in evidence. The United States acquired territory, out of which the State of Idaho was carved, from Spain, by the treaty of February 22, 1819, promulgated February 22, 1821, between the United States and the King of Spain; hence, Idaho was never subject to the laws of England, and the presumption cannot be indulged that the common law is in force in that State; and, in the absence of proof of its laws, we must apply the laws of this State in determining whether or not it was proper to submit to the jury to find whether the defendant was or was not negligent in failing to block its guardrails. [Flato v. Mulhall, 72 Mo. 522; McDonald v. Life Assn., 154 Mo. 618, 55 S. W. 999; Hurley v. Railroad, 57 Mo. App. 675; Witascheck v. Glass, 46 Mo. App. 1. c. 215.]"

Speaking to the same point, this court, in Flato v. Mulhall, 72 Mo. 1. c. 524, said: "As the contract for the acceptance was made in Texas, and as the acceptance itself was to have been made in Illinois, and the remedy is sought in this State, it becomes material to inquire what law is to govern us in determining the rights of the parties. The validity and legal effect of

the contract alleged must depend upon the law of the place where it was made. [Carnegie v. Morrison, 2 Metc. 397; Bissell v. Lewis, 4 Mich. 459.] The contract for acceptance was, of course, for an acceptance, valid by the law of Illinois, where it was to be given; but as the defendants refused to give any acceptance whatever, the law of Illinois is not material. This suit being for a breach of a promise to accept, made in Texas, the nature and extent of the obligation assumed by the defendants in making such promise, assuming that it has been proved, should properly be determined by the law of that State. Under the previous decisions of this court, however, we cannot take judicial notice of the laws of Texas, and they were not offered in evidence. Counsel for the plaintiff ask us to presume, in the absence of evidence, that the common law is in force in Texas. This presumption can only be indulged with reference to those States which, prior to becoming members of the Union, were subject to the laws of England. Texas was a part of the Spanish possessions on this continent, and if the common law ever prevailed there, or now prevails there, it must be by virtue of some statutory provision of which we cannot take judicial notice. As no evidence was introduced, and no presumption can be indulged as to the *lex loci contractus,* the law of the forum must govern.''

The Supreme Court of Arkansas announced the same rule as to the laws of Texas in Brown v. Wright, 58 Ark. l. c. 26: ''It is insisted that the money became the property of the husband by the rule of the common law. But as the jurisprudence of Texas was not founded upon or derived from the common law, we cannot presume that law is in force there. [Thorn v. Weatherly, 50 Ark. 237; Garner v. Wright, 52 Ark. 385].''

And with reference to the laws of Indian Territory in Garner v. Wright, 52 Ark. 385, the Arkansas court said: ''In similar cases the courts of this State will generally presume the common law to be in force in

another State. [Cox v. Morrow, 14 Ark. 603; Thorn v. Weatherly, 50 Ark. 243.] But this presumption is indulged as to those States only that have taken the common law as a basis of their jurisprudence. Such a presumption would not be indulged as to the laws of the States of Louisiana and Texas, because we know that their jurisprudence is founded upon a different system; the same reason forbids such a presumption as to the laws of the Indian Territory, for we know that no system of law has been adopted there.''

The rule is clearly expressed in Banco De Sonora v. Bankers' Mutual Casualty Company, 95 N. W. 232, thus: ''We know that Mexico was a Spanish province for about three hundred years, and then became and still is a republic. At no period of its history has it been under British sovereignty. Its institutions are Latin and not Anglo-Saxon, and the common law is not presumed to be in force in any State or country where English institutions have not been established. [Savage v. O'Neil, 44 N. Y. 298; Davison v. Gibson, 56 Fed. 443, 5 C. C. A. 543; Norris v. Harris, 15 Cal. 252; Flato v. Mulhall, 72 Mo. 522; Brown v. Wright, 58 Ark. 20, 22 S. W. 1022, 21 L. R. A. 467; 13 Am. and Eng. Ency. Law, 1065.]''

From the foregoing observations it is seen that the common law never existed in the State of Kansas, without it has been adopted by statute; but as there is no allegation in the petition or plea that such a statute exists in that State, we would be unauthorized to consider it even though such statute does exist.

Counsel for respondent attempts to evade the effects of his failure to plead the entire section of the Kansas statute, and his compliance therewith, by alleging in his reply that he had given the notice required thereby within ninety days from the date of the injury.

The law in this State is well settled to the effect that the plaintiff must recover, if at all, upon the cause

of action stated in the petition and not upon one stated in the reply.  [Hill v. Rich Hill Coal Min. Co., 119 Mo. 9; Rhodes v. Holladay-Klotz Co., 105 Mo. App. 279; Milliken v. Commission Co., 202 Mo. 1. c. 654.]

So, if we consider the petition from any view presented, it fails to state a cause of action.

We, therefore, reverse the judgment and remand the cause.

All concur.